UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CRAIG RAUCHER,

                Plaintiff,

    - against -

DHL GLOBAL MAIL, INC.,

                Defendant.
-----------------------------------------------------------X

**MEMORANDUM OF DECISION**

07 CV 5219 (RJD)(SMG)

DEARIE, Chief Judge.

Plaintiff is a 57 year-old male who alleges age discrimination by his former employer, DHL Global Mail, Inc., in violation of New York Human Rights Law section 296 et seq., and New York City Civil Rights Law section 8-107(1)(a) of the Administrative Code of the City of New York. Originally filed in New York Supreme Court, Richmond County, defendant properly removed this diversity action on December 14, 2007. Defendant moves to dismiss this claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant's motion to dismiss was granted on March 31, 2009, for the reasons stated below.

## BACKGROUND

Plaintiff started working for defendant in September 2002, at age fifty. Compl. ¶ 3. Plaintiff alleges that defendant recruited him, that he had been previously known in the industry as a "powerful revenue generator," and that this reputation was subsequently borne out during his tenure as defendant's employee. Compl. ¶¶ 9-12.

In September 2004, plaintiff alleges that defendant asked him to take a salary reduction of $15,000, a request he claims was not made of his younger, less-experienced colleagues. Compl.

¶¶ 13-15. Furthermore, plaintiff alleges that subsequent new hires, who were also purportedly younger and less-experienced, were paid more than plaintiff. Compl. ¶ 19. Plaintiff also claims to have requested a salary increase in November 2004, which senior management subsequently denied in February 2005. Compl. ¶ 24.

No doubt sensitive to limitations concerns, plaintiff expressly pleads that "the beginning of the discriminatory actions" did not start until April 2005, when he received a letter of "condemnation and warning" citing his poor performance in the prior quarter. Compl. ¶¶ 26-27. Noting that such quarters are "typically slow," plaintiff claims that he "generated a national revenue high of $2.5 million dollars" in the following quarter, and subsequently requested that defendant rescind its April warning letter. Compl. ¶¶ 28-31. Defendant refused. Compl. ¶ 31.

Finally, plaintiff alleges that $6,000 of his earned commissions were given to another "senior sales representative" over a period of four months. Compl. ¶ 32. Plaintiff claims that, when confronted about the issue, defendant stated that the funds were misdirected to the other employee in error, and that plaintiff would be compensated for his losses. Id. Plaintiff does not indicate whether or not defendant ultimately reimbursed him.

Although dated and notarized on May 27, 2007, Plaintiff filed this complaint in New York Supreme Court, Richmond County, on September 27, 2007. On December 14, 2007, defendant removed the case to this Court.

## DISCUSSION

### A. Rule 12(b)(6) Standard

In order to survive a motion to dimiss, "a complaint must contain sufficient factual

2

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007). The Supreme Court has elaborated on this plausibility standard, explaining that a complaint has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Rule 8 pleading standard does not demand detailed allegations, but does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. The Supreme Court has also clarified that this heightened pleading standard applies to "all civil actions," including discrimination suits. Id. at 1953.

In order to establish a *prima facie* case of age discrimination, a plaintiff must ordinarily "demonstrate membership in a protected class, qualification for their position, an adverse employment action, and circumstances that support an inference of age discrimination." Id. While the Second Circuit previously required age discrimination plaintiffs to plead a *prima facie* case in order to survive dismissal, however, the Supreme Court explicitly overruled this standard in 2002. Swierkiewicz v. Sorema N.A., 435 U.S. 506 (2002).

### B. Plaintiff's Allegations

While plaintiff briefly refers to a series of background allegations beginning in January 2004, he alleges that the April 2005 receipt of a letter of "condemnation and warning" from defendant was "the *beginning of the discriminatory actions* Plaintiff was subjected to based on his age." Compl. ¶¶ 26, 27 (emphasis added). The Court therefore need not address the earlier allegations, because Plaintiff himself concedes that he was not the victim of discrimination until

3

April 2005.[1]

In his opposition, plaintiff contends that he "has asserted two timely materially adverse actions; namely, the Defendant's failure to provide the Plaintiff with his earned commission, and the Defendant's failure to provide to Plaintiff the raise promised to him." Opp. 3. According to the complaint, the defendant denied him a raise in approximately February 2005. Plaintiff, however, has already stated in his complaint that the alleged discriminatory actions did not begin until April 2005, and he therefore belatedly attempts to ascribe discriminatory intent to an event that occurred before what plaintiff himself originally described as the starting date of the alleged discrimination. Even if he this allegation had occurred after April 2005, plaintiff has failed to allege that the raise was denied on the basis of his age, or any other cognizable basis of discrimination.

Plaintiff's only remaining timely allegation is that "another senior sales representative was receiving a portion of his commissions for the prior four (4) months, thereby causing

---

[1] The Court notes that the President recently signed the "Lilly Ledbetter Fair Pay Act," Pub. L. No. 111-2, 123 Stat. 5, on January 29, 2009. The Act mandates the following, in pertinent part:

> [A]n unlawful employment practice occurs . . . when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

42 U.S.C.S. § 2000e-5 (2009). Had plaintiff alleged that the earlier actions taken by defendant were in fact discriminatory, this new statutory language might have rendered his otherwise time-barred claims cognizable. Again, however, the Court need not address that question here, as plaintiff himself has stated that defendant's alleged age discrimination did not begin until April 2005.

4

Plaintiff a financial loss of approximately $6,000.00." Compl. ¶ 32. While plaintiff states that defendant admitted that it had mistakenly misdirected plaintiff's compensation, he does not indicate whether or not he was ever reimbursed. More importantly, however, plaintiff makes no allegation that the other "senior sales representative" was younger than he, and that description itself would suggest otherwise.

## CONCLUSION

Plaintiff's allegations, timely or not, do not satisfy the plausibility standard set forth in Ashcroft v. Iqbal. For the reasons stated above, defendant's motion to dismiss is granted.

Dated: Brooklyn, New York
July 29, 2009

s/ Judge Raymond J. Dearie

_____
RAYMOND J. DEARIE
United States District Judge